**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Criminal No. 17-82 |
| | ) | Judge Nora Barry Fischer |
| REGINALD DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court are Defendant Reginald Davis' pro se Motion for Compassionate Release, (Docket No. 107), the Government's Response in opposition, (Docket No. 109), Defendant's supporting letters and Reply, (Docket Nos. 111; 112; 115), and, the Government's Sur-Reply, (Docket No. 117).  Defendant seeks to reduce the 120-month sentence imposed by this Court to time served based on his physical health conditions including asthma, anemia, hypertension and alleged use of a CPAP machine, as well as the risks posed by the COVID-19 pandemic, including the spread of same at FCI McDowell.  (Docket Nos. 107; 111; 112; 115).  The Government counters that compassionate release is not warranted because: Defendant's medical records do not support a conclusion that he is at high risk for severe symptoms if he contracts COVID-19 nor is he unable to provide self-care within the correctional environment during the pandemic; and, the § 3553(a) factors otherwise do not justify a reduction in his sentence for the very serious criminal charges at issue in this case.  (Docket Nos. 109; 117).  After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [107] is denied, as the Court declines to exercise its discretion to reduce his sentence at this time.

The Court initially turns to the prevailing legal standard.  "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."

*McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582.  *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020).  Pursuant to that provision, a court may modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

> In addition, the reviewing court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*United States v. Burrus,* Crim. No. 19-284, 2020 WL 3799753, at *4 (W.D. Pa. Jul. 7, 2020) (citing *Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.) and 18 U.S.C. § 3582(c)(1)(A)(i).

At the outset, the Government does not contest that Defendant has sufficiently exhausted administrative remedies as he made a request to the Warden at FCI McDowell which was denied. (Docket No. 107-1).  However, the Government opposes the remaining factors and his request for compassionate release.  (Docket Nos. 109; 117).  Hence, it is Defendant's burden to show: "extraordinary and compelling reasons" justifying such reduction, 18 U.S.C. § 3582(c)(1)(A)(i); that the section 3553(a) factors support the requested reduction; and "whether such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Burrus*, 2020 WL 3799753, at *4 (citation omitted). In addition, under the relevant policy statement in the Guidelines, the Court is to consider whether the defendant is a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(2).

In this Court's estimation, Defendant has not sufficiently demonstrated that the Court should exercise its discretion to grant him compassionate release based on his medical ailments, which appear to be controlled with adequate treatment, the general risks posed by the COVID-19 pandemic and the spread of COVID-19 at the institution where he is housed.  The Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *cf. United States v. Roeder*, 807 F. App'x 157, 161 (3d Cir. 2020) ("the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").  The Court recognizes that there has been a recent outbreak of COVID-19 cases at FCI McDowell, as the BOP is currently reporting 137 positive cases among the inmate population.  *See* https://www.bop.gov/coronavirus/ (last visited 12/8/2020).  However, the Court has not been presented with any evidence that Defendant has tested positive or exhibited any symptoms consistent with COVID-19.  Additionally, the BOP reports that 33 inmates have recovered and there have been no deaths at the facility.  In any event, this Court has recognized that "[t]he existence of the virus in a prison – even the level of infection at [an institution where an outbreak has occurred] – is not sufficient to establish extraordinary and compelling circumstances without some proof that the defendant is at more severe risk for infection than his fellow inmates." *United States v. Williams*, No. CR 18-335, 2020 WL 4934659, at *5 (W.D. Pa. Aug. 24, 2020) (quoting *United States v. Thorton*, Crim. No. 2:18-167, 2020 WL 4368155, at *4 (W.D. Pa. Jul. 29, 2020)).

Next, neither Defendant's age of 33 nor any of his physical health ailments, (including asthma, for which he is prescribed inhalers; anemia; and, hypertension), are listed by the CDC as presenting a severe risk of complications from COVID-19.  *See e.g., United States v. George Alexis Munoz,* 2020 WL 7074351, at *2 (D. N.J. Dec. 3, 2020) ("Early on in the pandemic, the CDC listed moderate-to-severe asthma as a condition that did place infected individuals at an increased risk of severe illness. That was revised, and as of this writing, moderate-to-severe asthma might present an increased risk."); *Williams*, 2020 WL 4934659, at * 5 ("The National Asthma Education and Prevention Program has classified asthma as moderate if: (1) symptoms occur daily and require the use of inhaled short-acting asthma medication every day; (2) symptoms interfere with daily activities; (3) nighttime symptoms occur more than once per week, but do not happen every day; or (4) lung function tests are abnormal."); *United States v. Wysong*, Crim. No. 15-87, Docket No. 3177 (W.D. Pa. Sept. 4, 2020), *aff'd*, Appeal No. 20-2854 (3d Cir. Oct. 15, 2020) (citing *United States v. Leigh-James*, No. 3:15-CR-188 (SRU), 2020 WL 4003566, at *7 (D. Conn. July 15, 2020) ("the CDC does not list anemia as a factor that increases the risk for serious illness from COVID-19."); *United States v. Solomon*, No. CR 05-350, 2020 WL 5231326, at *5, n.5 (W.D. Pa. Sept. 2, 2020) ("The CDC has stated that individuals with moderate to severe asthma or hypertension 'might be at an increased risk for severe illness from COVID-19.'").  As the Government points out, Defendant's medical records demonstrate that he has mild cases of these ailments which are controlled with prescription medication and monitoring by physicians, including prescription inhalers to treat his asthma. (Docket No. 109 at 9).  With respect to his hypertension, a note on May 23, 2020 states that a blood pressure check showed only one slightly elevated episode and that medication was not necessary to manage same at that time.  (Docket No. 109 at 9-10).  All told, Defendant is not entitled to compassionate release because he has failed to

4

show that he "suffers from a terminal illness or an ailment, which, coupled with the potential spread of COVID-19, would make [him] unable to provide self-care in a correctional environment." *United States v. Wallace*, Crim. No. 19-49, Civ. No. 20-637, 2020 WL 4003663, at *4 (W.D. Pa. Jul. 15, 2020) (citing *United States v. Hammond*, Crim. No. 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020)).

Even if Defendant had met his burden to show extraordinary and compelling reasons for release, the risks presented by his medical conditions and the COVID-19 pandemic do not outweigh the other § 3553(a) factors supporting the 120-month term of incarceration in his case, of which he has served approximately 47 months to this point. *See Pawlowski*, 967 F.3d at 330 ("we cannot conclude that the District Court acted unreasonably in determining that the substantial sentencing reduction required for granting compassionate release here—a reduction from 15 years to less than two years—would be inconsistent with the § 3553(a) factors."). The Court has once again carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

To that end, Defendant was sentenced to a term of 120 months' incarceration pursuant to the parties' Rule 11(c)(1)(C) plea agreement, which the Court accepted at the sentencing hearing. Neither party appealed the length of the sentence and the Court believes that such sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1). The 120-month sentence accounts for the gravity of the offense conduct, as Defendant: pled guilty to possession with intent to distribute at least 6 grams but less than 8 grams

5

of carfentanil, a very dangerous and potent narcotic; acknowledged that his distribution activities caused serious bodily injury to K.S. and the death of B.L.; and, was ordered to pay $3,775.60 in restitution to B.L.'s family. "As noted in the PIR, although Defendant did not plead guilty to Count One of the Indictment which charged him with possession with intent to distribute and distribution of carfentanil resulting in serious bodily injury and death, pursuant to the plea agreement, he accepted responsibility for causing the death of B.L. and for causing serious bodily injury to K.S. If Defendant would have pled guilty to Count One, his advisory guideline range would have been much higher than twenty-seven (27) to thirty-three (33) months' imprisonment." (Docket No. 99 at 4). It was also troubling to the Court that Defendant, a Detroit native, with no apparent ties to this District, was involved with such distribution in New Brighton, Pennsylvania. (*See* Docket No. 94).

To his credit, Defendant has acknowledged the wrongfulness of his conduct, maintained family ties and completed programs to better himself which will assist him in reintegrating into society upon his release. (*See* Docket Nos. 107; 111; 112). However, there remains a need to deter Defendant from committing additional crimes because lesser sentences for offenses involving controlled substances, including probationary terms, were insufficient to dissuade him from engaging in distribution of very dangerous controlled substances such as carfentanil – which pose a significant threat to the community. *See* 18 U.S.C. § 3553(a)(2); *see also* 18 U.S.C. § 3142(g). Finally, the 120-month sentence provides general deterrence to others and also promotes respect for the law while the substantial sentence reduction requested by the defense to less than 4 years' incarceration "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motion seeking compassionate release [107]

is DENIED.

                                        *s/Nora Barry Fischer*
                                        Nora Barry Fischer
                                        Senior U.S. District

Date:   December 8, 2020

cc/ecf:  All counsel of record.

       Reginald Davis
       BOP # 38382-068
       FCI McDowell
       Federal Correctional Institution
       P.O. Box 1009
       Welch, WV 24801
       (via U.S. mail)